O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7958 AHM<br>Bankruptcy Court No. 2:10-bk-43715-ER | Date | February 8, 2011 |
|---|---|---|---|
| Title | IN RE RICKY WAYNE STOCKTON | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

     By order dated January 26, 2011, the Court ordered Appellant to show cause by not later than February 4, 2011, why the Court should not dismiss this action for failure to comply with the Court's November 22, 2010 Briefing Schedule. The Court cautioned Appellant that "[f]ailure to respond on or before that date will be construed as consent to dismissal." Appellant nevertheless failed to timely file a response to the order to show cause.

     Five factors must be considered before imposing the sanction of dismissal: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is warranted "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th 1998). While preferred, it is not required that a district court make explicit findings regarding the five factors. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

     The Court hereby finds that dismissal is warranted under the facts of this case. Public interest in expediency and management of the Court's docket both support dismissal. The Court's docket is very extensive and cannot be managed efficiently and expeditiously if parties fail to comply with court orders. The risk of prejudice to the Appellee weighs in favor of dismissal, as Appellant's action has caused Appellees to wait

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7958 AHM<br>Bankruptcy Court No. 2:10-bk-43715-ER | Date | February 8, 2011 |
|---|---|---|---|
| Title | IN RE RICKY WAYNE STOCKTON | | |

unnecessarily "in limbo" and to expend further time and money to monitor the action. Less drastic sanctions are not warranted, given that Appellant received notice of the potential of dismissal should he fail to respond to the Order to Show Cause. While public policy would favor a disposition on the merits, at least four of the factors (factors 1, 2, 3, and 5) support dismissal here, and thus, dismissal is warranted. *See Hernandez*, 138 F.3d at 399.

Accordingly, pursuant to the Court's inherent powers, Federal Rule 41(b) and Local Rule 41, the Court hereby dismisses the complaint. The clerk is directed to close this file.

:

Initials of Preparer    SMO

cc: **Bankruptcy Court**

**JS-6**